## Robert Wilson et ux., Appellants, *v.* James H. Boud & Brother.

*Affidavit of defence—Contract—Sheriff's sale—Act of April 22, 1856.*

Plaintiff owned a lot of ground which was about to be sold at sheriff's sale. The value of the lot was in excess of its incumbrances. Defendants, who were plaintiff's brothers, agreed in writing to attend the sale, and try and buy the property, and if they bought it to hold it for plaintiff's benefit, or reconvey it to her upon the payment of the amount paid by them together with the expenses. It was further agreed that if plaintiff was either unable or unwilling to take it back, that then defendants should pay her for it at a certain price, upon which they were to be allowed credit for the amount bid at the sheriff's sale, and the incumbrance against the lot not discharged by the sale. Plaintiff did not take back the lot, but claimed a balance due her under the contract, and fifteen years afterwards brought suit to recover it. Defendants filed an affidavit of defence in which they denied that plaintiff had any claim, and averred that she had never made any claim upon them until shortly before suit was brought, and that plaintiff had acknowledged that she had been fully settled with by defendants. The affidavit of defence did not refer to the act of April 22, 1856, P. L. 532. *Held*, that a rule for judgment for want of a sufficient affidavit of defence was properly discharged.

Argued Jan. 17, 1895. Appeal, No. 97, July T., 1894, by plaintiffs, from order of C. P. No. 1, Phila. Co., March T., 1894, No. 511, discharging a rule for judgment for want of a sufficient affidavit of defence. Before Sterrett, C. J., Green, Williams, McCollum, Mitchell, Dean and Fell, JJ. Affirmed.

Assumpsit for balance under agreement in writing.

From the record it appeared that Lydia A. Wilson was a sister of defendants. On Oct. 6, 1879, the parties entered into an agreement in writing, the material portions of which were as follows:

"Agreement, made between James H. Boud and George S. Boud, copartners trading as Boud & Bro., dealers in champagne cider and cider vinegar, in the city of Philadelphia, of the one part, and Lydia Ann Rogers, widow, of the same place, of the other part: Whereas certain real estate in the city (describing it) is advertised for public sale under a certain writ of ven-

ditioni exponas by the sheriff of Philadelphia county on Oct. 6, 1879 : And whereas the said property is believed to be of value considerably in excess of any incumbrances thereon and is owned in fee simple by the said Lydia Ann Rogers : And the said Lydia Ann Rogers is unable to attend the said sale and is desirous of protecting her interest in the said property : Now this agreement witnesseth :

" First, that they, the said Boud & Bro., will attend the said sale and will bid thereat upon the said property and that if they the said Boud & Bro. shall become the purchasers thereof, they will hold the same for the benefit of the said Lydia Ann Rogers and as trustee for her, and will direct that the said property be conveyed to her by the sheriff or at any time reconvey the same to her in fee simple, upon payment to them, by the said Lydia Ann Rogers, of the amount bid and paid by them for the said property at the said sale and any expenses connected therewith or with the reconveyance of the said property.

" Second. That if the said Lydia Ann Rogers shall be unable or unwilling to have a reconveyance of the said property made to her upon the terms above mentioned, that then the said Boud & Bro. shall account and pay to her at any time within one month after the delivery of the sheriff's deed to the said Boud & Brother an account (amount) of money equal to the difference between the sum of nine thousand dollars and the aggregate amount bid at the said sale by the said Boud & Bro. and of the principal of the ground rent of two hundred and eighty-eight dollars per annum on said property and of any other incumbrance thereon which shall not be discharged by said sale ; the intention herein being and it is so agreed that the said Boud & Bro. shall, as between themselves and the said Lydia Ann Rogers, for the consideration herein mentioned and of other good and valuable considerations them thereunto moving, purchase and take the said property as of the price and value and for the consideration of nine thousand dollars, and that after first deducting from that sum the amount of said incumbrances and the amount bid by the said Boud & Bro. at the said sale for the said property and for which they shall become the purchasers thereof at said sale, shall account and pay to her the balance or difference as aforesaid.    And,

upon the said payment to her, that they the said Boud & Bro. shall have and take a title in absolute fee simple in the said property under the sheriff's deed to them, free and discharged from any trust for or obligation to the said Lydia Ann Rogers."

Plaintiff averred in her statement that defendants bought the land and took the sheriff's deed in their own name on Nov. 22, 1879, and entered into possession, improved the premises, and, owing to plaintiff's inability to have a reconveyance, they have since remained the owners thereof; that the price they bid and paid for it at the sheriff's sale was $3,400. The only incumbrance was a ground rent (principal), $4,800. Deducting the aggregate of these two amounts, viz., $8,200, from the price Boud & Bro. had agreed to allow plaintiff, viz., $9,000, there remained a balance due her of $800, which was not paid.

George S. Boud, one of the defendants, averred in the affidavit of defence as follows:

"He is advised, and therefore avers, that the plaintiff's statement filed does not make out for her a prima facie case upon which judgment ought to be entered for her.

"Nevertheless he says he has a good defence on the merits of this case, which defence is as follows:

"The plaintiff's property was advertised for sale by the sheriff on the day the said agreement was signed. She begged affiant and his brother James, now deceased, to bid it up or buy it in for her to save a sacrifice. Her counsel then drew up the contract sued on, which they signed without fully comprehending its legal effect. They did bid the property up to its full value, but she neglected to take her sheriff's deed, and, at the last moment, to save her again, they were obliged to raise the whole of the consideration money at great sacrifice to themselves and pay it in to the sheriff. She removed all the personal property that was worth taking away; she, knowing full well that the property had already cost them more than it was worth, never made any claim or pretence that they owed her anything on account of said agreement, although she was living part of the time in my said brother's family, being a near relative, on friendly terms with both of us. On the contrary, I am informed, believe and expect to be able to prove that she has acknowledged that she had been fully settled with by my brother and me.

"It is not true, as stated in said statement filed, that she 'on

Dec. 1, 1879, notified the defendants that she had elected to allow defendants to retain the said property and to account to and pay her within one month after the delivery of the sheriff's deed.' On the contrary, though we have frequently met on the most friendly terms, she has never claimed, or pretended to claim, anything on account of said agreement. The first intimation we ever received was shortly before suit brought, I got a letter from her counsel wishing me to compromise the claim. I never have, and I do not now, admit that they had any claim."

Rule for judgment for want of sufficient affidavit discharged.

*Error assigned* was above order.

*William H. Peace, Theodore McFadden* with him, for appellant, cited, as to affidavit of defence : Ry. v. Spencer, 156 Pa. 85 ; Bank v. Stadelman, 153 Pa. 634 ; Langfeld v. Lyon, 132 Pa. 441 ; Strodes v. Bonheyo, 130 Pa. 461.

As to claim of limitation : Act of April 22, 1856, P. L. 532 ; Robinson v. Montgomery, 3 Dist. R. 661 ; Fox v. Hinds, 1 Dist. R. 608 ; Com. v. Payton, 1 Dist. R. 609, and note ; Heller v. Ins. Co., 151 Pa. 101 ; Clark v. Trindle, 52 Pa. 492 ; Webster v. Webster, 53 Pa. 161 ; Williard v. Williard, 56 Pa. 119 ; Douglass v. Lucas, 63 Pa. 9 ; McNinch v. Trego, 73 Pa. 52 ; Evans's Ap., 81 Pa. 278 ; Barrett v. Bamber, 81 Pa. 247 ; Harris v. Harris, 70 Pa. 170 ; Harper's Ap., 64 Pa. 315.

*Lewis Stover*, for appellee, not heard, cited, as to insufficiency of statement : Heller v. Ins. Co., 151 Pa. 101 ; Bartoe v. Guckert, 158 Pa. 124 ; Hutchinson v. Woodwell, 107 Pa. 506 ; Strock v. Com., 90 Pa. 272 ; Barr v. Duncan, 76 Pa. 395 ; Bank v. Soap Co., 161 Pa. 134 ; Way v. Hooton, 156 Pa. 20 ; Bank v. Kopitzsch Co., 161 Pa. 134.

PER CURIAM, Jan. 28, 1895:

The rule for judgment for want of a sufficient affidavit of defence was rightly discharged. There is nothing in the case that requires discussion.

Judgment affirmed.